## Upper Providence Judge of Election

*Henry Gouley* and *Samuel Montgomery*, for petitioner.

*Harold L. Ervin*, for respondent.

MacDADE, J., August 28, 1931.—A petition was presented in behalf of a number of electors of the upper precinct of the Township of Upper Providence, in the County of Delaware and State of Pennsylvania, for the appointment of a judge of election to succeed one Roy Delaney, the present judge of election of the said district, who is now a candidate for the Republican nomination for the office of supervisor of the said township, said office to be voted for on September 15, 1931, at a public primary election then and there to be conducted.

The petitioners ask for the appointment of Caldwell J. McClure, an elector of the said district, to be appointed a judge of the election board of the said district in lieu of the said Roy Delaney, claiming that he cannot act as judge of election and be a candidate for the office of township supervisor at the same election, being incompetent to act as a judge at his own election.

We are inclined to grant the prayer of the petition although the common pleas decisions seem to decide the question both ways; but, however, from the moral fitness of things, we do not believe that a man should sit as a judge of election when he is a candidate for another office thereat.

If the present judge of election should persist in holding his office and run for the office of township supervisor and be nominated and elected thereto, he would invite the issuing of a writ of quo warranto against him to inquire by what authority he exercised the office of supervisor, and undoubtedly we would have to oust him from the said office if he sat as a judge of election at the same election when he was elected supervisor. Why, therefore, not anticipate this event and settle the question now so that there may not be any further litigation: Com. *v.* Edwards, 24 Dist. R. 729.

It is our contention that Roy Delaney is ineligible to serve as judge of the election board in the said district by reason of the second clause of section fifteen, article eight of the Constitution of Pennsylvania, which provides: "Nor shall any election officer be eligible to any civil office to be filled at an election at which he shall serve, save only to such subordinate municipal or local offices, below the grade of city or county offices, as shall be designated by general law."

The constitutional provision is clear and free from ambiguity. "Nor shall any election officer be eligible to any civil office to be filled at an election at which he shall serve." This clearly covers the case of an election officer serving at an election at which such officer is a candidate for supervisor. Does

the saving clause avail him? We think not. The language is, "save only to such subordinate municipal or local offices below the grade of city or county offices as shall be designated by general law."

The legislature, therefore, would not have the power to enact a law providing that an election officer could serve at an election at which such officer was a candidate for a city or county office. Such a law would be unconstitutional. Said act, however, does confer upon the legislature the power to enact a law that an election officer can serve at an election at which such officer is a candidate for a "subordinate municipal or local office." But such power is not self-enacting. It is the bare power. It requires the affirmative action of the legislature. It is idle for the court to speculate whether the legislature would regard the office of supervisor as a "subordinate municipal or local office;" an attempt on its part to determine this question would be an attempt at legislation and not at construction, to which its powers and duties are limited. No general law has been passed by the legislature in pursuance of the authority conferred upon it by the constitutional provision making the authorized designation.

Until such power is exercised by the legislature and the designation authorized made, no election officer is eligible to any civil office to be filled at an election at which he shall serve.

We note the language of the Constitution: Such offices "as shall be designated by general law," not such as are now designated by law.

We cite as authority the well-considered opinion of Judge Pershing on this subject in Com. ex rel. Watkins and Jones v. Jones, 1 Legal Record Reps. (Pilgram & Walker) 293, which is cited with approval by Judge Koozer in Schaffer's Election, 27 Pa. C. C. 443; Com. ex rel. v. McCormick, 18 Dist. R. 641.

Therefore, we make the order as herein filed and made part of this opinion by reference thereto.

From William R. Toal, Media, Pa.